IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| David T. Baldwin,<br>       Plaintiff, | ) | FILED |
|  | ) | JAN 2 0 2012 |
|  | ) |  |
| v. | ) | CLERK, U.S. DISTRICT COURT<br>ALEXANDRIA, VIRGINIA |
|  | ) | 1:11cv180 (CMH/TRJ) |
| K. Bell, et al.,<br>       Defendants. | ) |  |
|  | ) |  |

MEMORANDUM OPINION

David T. Baldwin, a Virginia inmate proceeding pro se has filed this civil rights action

pursuant to 42 U.S.C. § 1983, alleging violation of his rights under the Eighth Amendment.

This matter is before the Court on the defendants' Joint Motion to Dismiss pursuant to Fed. R.

Civ. P. 12(b)(6).  Defendants filed their Motion along with a supporting memorandum on July

12, 2011.  Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response on August 3, 2011.  On

August 8, 2011, defendants filed a Reply.  Accordingly, this matter is ripe for disposition.  For

the reasons that follow, the defendants' Joint Motion to Dismiss must be granted, and this action

must be dismissed.

## I.  Background

Plaintiff's complaint chronicles issues he has experienced with his eyes during his

incarceration at Hampton Roads Regional Jail.  On June 27, 2009, Nurse Jones allegedly

prescribed plaintiff the wrong medication.  Compl. at 5; ECF No. 1.  As a result, plaintiff

alleges that he was unable to see the next day when he woke up.  Id.  Plaintiff alleges that he

immediately filed a grievance asking what medication he was given and "complained about

Nurse J. Jones giving . . . the wrong medication." Id. at 5. Plaintiff alleges the grievance went

unanswered. Id. On July 13, 2009,[1] plaintiff allegedly submitted another grievance, which was

returned to him with the statement "no request submitted." Id. Therefore, plaintiff allegedly

filed another grievance on July 14, 2009, which was also returned to plaintiff with the

explanation that "no sick call slip or complaint forward[ed]." Id. Plaintiff appealed this

decision on September 10, 2009. The appeal was again returned to plaintiff for failure to attach

the grievance. Id. Plaintiff alleges that he then began the grievance process from the beginning

and finally received a response on March 28, 2010, this time stating that his grievance was

incomplete because plaintiff failed to file a request form with medical. Id. at 5-6.

Plaintiff also complains of issues he experienced while trying to schedule an eye exam.

Plaintiff alleges that on February 11, 2010, Nurse Bell treated plaintiff and informed him that he

"needed an eye exam bad." Id. at 6. On February 22, 2011, plaintiff alleges that he put in a

request form for an eye exam "because [he] had to really strain [his] eyes to see and everything

was a total blur and would hurt constantly." Compl. at 6. Plaintiff alleges that Nurse Bell

signed a receipt for plaintiff to see an eye doctor, although it is unclear whether this occurred on

February 11, 2010, or February 22, 2010. Id. Plaintiff alleges that after three hours Nurse Bell

asked plaintiff where he had placed his copy of the receipt. Id. Plaintiff told Nurse Bell he

thought it was in the trashcan. Id. Nurse Bell then allegedly took the receipt out of the

trashcan, ripped it up, and said to plaintiff "good, because your broke ass didn't have any money

and why you waist [sic] my time." Id. Plaintiff alleges that Nurse Bell left plaintiff's cell

laughing. Plaintiff alleges that he again filed "forms" on March 1, 2010, asking why he could

---

[1] Although plaintiff's complaint states that he filed this grievance on July 13, 2010, the correct

not see an eye doctor.  Id. at 7.   The form was returned informing plaintiff that he would have to put in a request form if he wanted to see an eye doctor.  Id.   Plaintiff states that the last returned grievance was signed by the superintendent and stated that plaintiff did not have any money in his account and therefore could not be treated.   Id.

Plaintiff alleges that these actions amount to deliberate indifference to his serious medical needs.   Plaintiff names Nurse J. Jones and Nurse K. Bell as defendants.   As relief plaintiff seeks one-million dollars in monetary damages.

## II. Standard of Review

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   When determining whether a motion to dismiss should be granted, the alleged facts are presumed true and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."   Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).   To   survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...".   Twombly, 550

---

filing date is July 13, 2009.   See ECF No. 17 at 4.

U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

A.      Deliberate Indifference to Serious Medical Needs

To state a claim for deliberate indifference to serious medical needs that rises to the level of a constitutional violation, a plaintiff must allege two distinct elements. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent,

4

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).   Significantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action.   Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

      1.     Sufficiently Serious Medical Need

     A "serious medical need . . . is one that has been diagnosed by a physician as mandating treatment or one that is so obvious the even a lay person would easily recognize the need for a doctor's attention."   See Iko v. Shreve, 535 F.2d 225, 241 (4th Cir. 2008).   In this case, plaintiff alleges two separate medical needs.   First, plaintiff alleges he "couldn't see when [he] woke up" on the morning of June 28, 2009.   Compl. at 5.   However, it is unclear whether plaintiff was completely blind or was just experiencing difficulty with his vision.   Plaintiff does not allege that this vision problem was permanent, nor does he state how long it lasted.   Second, plaintiff alleges that that he needed an eye exam because he "had to really strain [his] eyes to see and everything was a total blur and would hurt constantly."   Compl. at 5.   Although plaintiff alleges he experienced pain and discomfort, he does not allege any lasting injury resulting from the defendants' alleged failure to schedule an eye exam.

     It is unclear whether either of these two medical issues constitute "serious medical needs" sufficient to warrant Eighth Amendment protection, as plaintiff alleges no "serious or significant physical or emotional injuries."   See Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993). However, regardless of whether plaintiff's medical issues constitute serious medical needs, the complaint still fails to state a claim because plaintiff did not plead facts sufficient to establish

deliberate indifference on behalf of either named defendant.

    2.    <u>Deliberate Indifference on behalf of Nurse J. Jones</u>

    Plaintiff fails to establish any deliberate indifference on behalf of Nurse Jones. Plaintiff's only allegation regarding Nurse Jones is that she gave him the wrong medication on June 27, 2009, which resulted in him being unable to see when he awoke on June 28, 2009. Compl. at 5; ECF No. 1. Plaintiff does not allege any facts whatsoever indicating that Nurse Jones intentionally or recklessly gave plaintiff the wrong medication. Furthermore, assuming Nurse Jones did give plaintiff the wrong medication, as is required in adjudicating a 12(b)(6) motion, this error only constitutes negligence, or perhaps malpractice, neither of which become a constitutional violation merely because the plaintiff is a prisoner. <u>Estelle</u>, 429 U.S. at 106; <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986); <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, plaintiff's claim against Nurse Jones must be dismissed.

    3.    <u>Deliberate Indifference on behalf of Nurse Bell</u>

    Plaintiff also fails to establish deliberate indifference on behalf of Nurse Bell. The only factual allegations against Nurse Bell are that she told plaintiff he "needed an eye exam bad" on February 11, 2011, and that she ripped up a receipt for plaintiff that would have permitted him to see an eye doctor and stated "your broke ass didn't have any money and why you waist [sic] my time." Compl. at 6. Construing plaintiff's complaint liberally, it appears that he believes he should not have been required to pay for the eye exam because his eye problem constituted a serious medical need and Nurse Bell's refusal to permit him to see an eye doctor without payment constitutes deliberate indifference.

    Plaintiff's claim against Nurse Bell must fail. First, the complaint does not establish that

6

Nurse Bell had the authority to determine whether plaintiff was permitted to see an eye doctor without the requisite funds in his account. Without facts alleging that Nurse Bell had some ability to control plaintiff's access to an eye doctor, plaintiff cannot establish that Nurse Bell acted specifically and personally to deprive him of his constitutional rights. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.").

Second, plaintiff's claim is nothing more than a "disagreement between an inmate and [medical staff] over the inmate's proper medical care." Id. at 849. According to the Hampton Roads Regional Jail Handbook, which the plaintiff provides as an exhibit, "eye exams . . . are not provided by the Regional Jail, except in cases of serious medical need." See Ex. 1 at ECF No. 20. Furthermore, absent emergency circumstances, inmates are "responsible for paying a portion of the cost of inmate initiated health care services that [they] receive." Id. In this case, plaintiff disagrees with the decision of Nurse Bell, who found that plaintiff's alleged eye conditions did not rise to the level of a serious medical need warranting an eye exam despite plaintiff's inability to pay for the exam. This disagreement, as a matter of law, does not state a claim for deliberate indifference.

## IV. Conclusion

For the foregoing reasons, defendants' Joint Motion to Dismiss will be granted, plaintiff's Motion to Deny Defendants Joint Motion to Dismiss will be denied, and this action will be dismissed.   An appropriate Order shall issue.

Entered this ___20th___ day of _____January_____ 2012.

_____/s/_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia